RECEIVED
WESTERN DISTRICT OF LA
ROBERT H. SHEMWELL, CLERK
ALEXANDRIA, LOUISIANA
DATE 10/30/06
BY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| RONALD WALTON | DOCKET NO. 06-CV-1148 |
| VERSUS | JUDGE DRELL |
| LASALLE, ET AL | MAGISTRATE JUDGE KIRK |

## REPORT AND RECOMMENDATION

Before the Court is a pro se civil rights complaint filed under 28 U.S.C. §1983 by Plaintiff Ronald Walton, in forma pauperis. Walton is an inmate in the custody of the Louisiana Department of Public Safety and Corrections and is incarcerated at Winn Correctional Center in Winnfield, Louisiana. Plaintiff is seeking compensatory damages of one million dollars, punitive damages of one hundred thousand dollars, and an injunction ordering defendants not to harass him for filing the instant suit.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the court.

### FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff sets forth the following facts in his Complaint and Amended Complaint:

1. Court appointed counsel, Joseph Kutch, denied Plaintiff due process and equal protection by "allowing the state to sentence the plaintiff too [sic] a drug related charge, before being arraigned on said charges, deprived the plaintiff to the right to a fair trial as guaranteed by the due process of the Fifth Amendment of the United States Constitution.... and depriving the plaintiff of effective representation of counsel in the defense of said charges...."

2. The trial court judge failed to recuse himself "when in fact he knew that back in 1980 he was my attorney, and would be bias [sic] and prejudice [sic]...."

3. The prosecutor "also knew that he had to recuse himself, cause [sic] he was my attorney back in 1985."

4. Joseph Wilson is the head of the indigent defender board in Lasalle. He is legally responsible for obtaining competent attorneys to represent the poor and failed to provide Plaintiff with competent counsel.

5. The Parish of LaSalle is where Plaintiff's constitutional rights were violated.

## **LAW AND ANALYSIS**

I. 28 U.S.C. §1983

Section 1983 prescribes redress for conduct by any person who, *under color of state law*, acts to deprive another person of any right, privilege, or immunity secured by the Constitution and laws of the United States. 42 U.S.C. §1983. In this case, Plaintiff is essentially arguing that each of the defendants violated his right to a fair trial and/or effective assistance of counsel. He claims that his attorney was ineffective; the district attorney and judge failed to recuse themselves; the head of the indigent defender board appointed an ineffective attorney; and, LaSalle Parish violated his rights because all these "unconstitutional acts" took place within that parish. For the following reasons, Plaintiff's claims should be dismissed with prejudice.

II. Appointed Counsel

Plaintiff claims that his court-appointed counsel, Joseph Kutch, violated Plaintiff's rights to due process and equal protection by "allowing the state to sentence the plaintiff too [sic] a drug related charge, before being arraigned on said charges." In order to state a claim under 1983, the defendant must be a state actor. 28 U.S.C. §1983. However, a public defender does not act under

color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal case. See Polk County v. Dodson, 454 U.S. 312, 324 (1981). That is, a public defender is not an official state actor. See Mills v. Criminal Dist. Court No. 3, 837 F.2d 677, 678 (5th Cir. 1988). Thus, the conduct of Plaintiff's attorney is not cognizable in this §1983 action.

    III.    District Judge and Assistant District Attorney

Next, Plaintiff claims that the prosecutor and judge violated Plaintiff's constitutional right to a fair trial because each had previously represented him in 1985 and 1980, respectively. The possible applicability of the doctrine of absolute immunity is a threshold matter for the court to address in making a §1915(d) determination. See Mitchell v. Forsyth, 472 U.S. 511, 525 (1985).

Judicial officers are entitled to absolute immunity from claims for damages arising out of acts performed in the exercise of their judicial functions. See Boyd v. Biggers, 31 F.3d 279 (5th Cir. 1994); Graves v. Hampton, 1 F.3d 315, 317 (5th Cir. 1993). "The alleged magnitude of the judge's errors or the mendacity of his acts is irrelevant." See id. at 284, citing Young v. Biggers, 938 F.2d 565, 569 n.5 (5th Cir. 1991). Judicial immunity can be overcome only by showing that the actions complained of were non-judicial in nature or by showing that the actions were taken in the complete absence of all jurisdiction. Mireles v. Waco, 502 U.S. 9, 12 (1991); Forrester v. White, 484 U.S. 219, 220-21 (1988). A judge's acts are judicial in nature if they are "'normally performed by a judge'" and the parties affected "'dealt with the judge in his judicial capacity.'" Mireles, 502 U.S. at 12, quoting Stump v. Sparkman, 435 U.S. 349, 362 (1978). Plaintiff does not complain of any non-judicial actions taken by the district judge and his claim for damages against the judge should be dismissed with prejudice as frivolous.

Likewise, criminal prosecutors also enjoy absolute immunity from claims for damages asserted under § 1983 for actions taken in the presentation of the state's case. See id. citing Graves,

1 F.3d at 318. Prosecutorial immunity applies to the prosecutor's actions in initiating the prosecution and in carrying the case through the judicial process. Graves, 1 F.3d at 318; see also Brummett v. Camble, 946 F.2d 1178, 1181 (5th Cir. 1991) (concluding that state prosecutors were absolutely immune from a § 1983 action predicated on malicious prosecution), cert. denied, 112 S. Ct. 2323 (1992); Ashelman v. Pope, 793 F.2d 1072, 1078 (9th Cir. 1986) (en banc) ("[A] conspiracy between judge and prosecutor to predetermine the outcome of a judicial proceeding, while clearly improper, nevertheless does not pierce the immunity extended to judges and prosecutors."). Plaintiff has alleged no facts against the prosecutor that would destroy his absolute immunity, and the claims against the prosecutor should be dismissed with prejudice, as well.

IV.   Indigent Defender Board

Plaintiff claims that Defendant Joseph Wilson, as the head of the Indigent Defender Board in LaSalle Parish, violated Plaintiff's constitutional rights because he appointed Mr. Kutch to represent Plaintiff. [Doc. #1, p.4] Section 1983 does not contemplate employer liability under the theory of respondeat superior. See Polk County v. Dodson, 454 U.S. 312, 325 (1981)(county, its Offender Advocate, and its supervisors not liable under § 1983 for actions of attorney in Offender Advocates Office). An exception to the rule does exist; that is, defendants may be found liable for their employees' conduct if Plaintiff can show that the employees acted pursuant to an official policy or custom. Id., citing Monell v. Department of Social Serv. of the City of N.Y., 436 U.S. 658, 690-91 (1978). In this case, as discussed *infra*, there is no policy in LaSalle Parish to appoint ineffective counsel for indigent defendants. Plaintiff has failed to state a claim for which relief can be granted against Mr. Wilson, and his claim is frivolous.

V.   Parish of LaSalle

Finally, the plaintiff alleged that LaSalle Parish violated Plaintiff's rights because LaSalle

is the parish where the constitutional deprivations allegedly occurred. According to Monell, to establish liability of a parish for a constitutional violation, a plaintiff must demonstrate that the alleged unconstitutional offense is the policy or custom of the municipality. Id. at 690-91. Plaintiff has not alleged (nor is there any evidence of) a formal or official policy or custom of appointing ineffective or negligent attorneys to represent indigents. Without some policy or custom, the parish of LaSalle is not liable under § 1983 for actions of the public defender, district attorney, or judge. See Polk County v. Dodson, 454 U.S. 312, 325 (1981).

Furthermore, the Supreme Court has held that, in order to recover damages for harm caused by unlawful actions that would render a conviction or sentence invalid, a §1983 plaintiff must prove that the conviction has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus. Heck v. Humphrey, 512 U.S. 477 (1994). Therefore, to the extent that Plaintiff's claims, if successful, would necessarily imply that his state criminal conviction is invalid, they are not cognizable under §1983 because Plaintiff has not proved that his conviction has been invalidated. In fact, it does not appear that he ever filed an appeal of the conviction or sentence.

## CONCLUSION

For the forgoing reasons, Plaintiff fails to state a claim for which relief may be granted. Furthermore, his claims have no arguable basis in law or fact, and therefore, are frivolous.

Accordingly, **IT IS RECOMMENDED** that Plaintiff's civil rights complaint be **DISMISSED WITH PREJUDICE** pursuant to the provisions of 28 U.S.C.1915(e)(2).

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation

to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within ten (10) days after being served with a copy of any objections or response to the District Judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions AVCepted by the District Court, except upon grounds of plain error.** *See Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

**THUS DONE AND SIGNED** in Chambers at Alexandria, Louisiana, this 12th day of October, 2006.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE